**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MEAD ANN KRIM, on her own behalf
and on behalf of all others similarly
situated,
<u>Plaintiff-Appellant,</u>

v.

COASTAL PHYSICIAN GROUP,
INCORPORATED; JONATHAN E.
KENNEDY; STEVEN M. SCOTT;

No. 98-2361

STEPHEN D. CORMAN,
<u>Defendants-Appellees.</u>

JOHN R. BOOTH, JR.; JAMES D.
CAMPBELL; PHILLIP J. FRANZONI;
ANTHONY J. IADANZA; RICKIE
MENDOZA; ARTHUR PEROS; CAROLE
STANG; RICHARD THURLOW,
<u>Movants.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CA-97-1126-1)

Argued: September 22, 1999

Decided: November 8, 1999

Before HAMILTON and TRAXLER, Circuit Judges, and
GOODWIN, United States District Judge for the Southern District
of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Mark Levine, STULL, STULL & BRODY, New York, New York, for Appellant. William Kearns Davis, BELL, DAVIS & PITT, P.A., Winston-Salem, North Carolina; Mack Sperling, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P., Greensboro, North Carolina, for Appellees. **ON BRIEF:** Laurie Gengo, THE SANFORD HOLSHOUSER LAW FIRM, Raleigh, North Carolina; Harvey Greenfield, THE LAW FIRM OF HARVEY GREENFIELD, New York, New York, for Appellant. James T. Williams, Jr., James C. Adams, II, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P., Greensboro, North Carolina; H. Spencer Barrow, Raleigh, North Carolina; J. Roger Edwards, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On October 24, 1997, Mead Ann Krim (Krim) brought this civil action in the United States District Court for the Middle District of North Carolina alleging securities fraud against Coastal Physician Group, Inc. (Coastal) and three of its current and former officers, Steven Scott, Steven Corman, and Jonathan Kennedy (collectively the Defendants). In her civil action, Krim sued on behalf of herself and the class of individuals who purchased one or more shares of the common stock of Coastal during the time period August 14, 1995 through August 29, 1997.

Krim filed an amended complaint on October 30, 1997. Her amended complaint is founded upon the single allegation that the Defendants misled Coastal investors by failing to disclose the extent of Coastal's problems with the computer billing system that it used

2

prior to installing a new system in 1996. Specifically, Krim's amended complaint alleges three counts. Count I alleges the Defendants committed securities fraud in violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5. Count II alleges that Steven Scott, Stephen Corman, and Jonathan Kennedy are liable as control persons under § 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a). Count III alleges the same three men are liable for negligent misrepresentation under North Carolina's common law.

The Defendants timely moved to dismiss Krim's amended complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In an exhaustive and thorough memorandum opinion issued on July 31, 1998, the district court set forth its reasons for dismissing Krim's amended complaint in its entirety. With respect to Count I, the district court concluded that the alleged misstatements and omissions of which Krim complained were not material as a matter of law and, therefore, were not actionable under § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5. As an alternative basis for dismissing Count I, the district court held that Krim's amended complaint failed to allege the essential element of scienter with the detail and specificity required by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1)-(2). With respect to Count II, the district court held that no liability could exist, because Krim's failure to state a claim against the Defendants for a primary securities fraud violation precludes imposing control person liability on the individual defendants under § 20(a) of the Securities Exchange Act of 1934. Finally, with respect to Count III, the district court declined to exercise supplemental jurisdiction over the state law claim in the absence of any federal question claims. See 28 U.S.C. § 1367(c)(3). Krim noted a timely appeal to this court of the district court's dismissal of her amended complaint.

Upon review of the briefs and the record, and after consideration of oral arguments, we hold the district court was correct in concluding, with respect to Count I, that the alleged misstatements and omissions were not material as a matter of law and, therefore, are not actionable under § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5. Accordingly, we affirm the district court's dismissal of Count I on this basis for the reasoning set forth in the district court's

memorandum opinion.**1** See Krim v. Coastal Physician Group, Inc., Civ. A. No. 1:97CV01126 (M.D.N.C. July 31, 1998). We further agree with the district court's reasoning in dismissing Counts II and III. Accordingly, we affirm the district court's dismissal of Counts II and III on the reasoning of the district court. See id.

AFFIRMED

_____

**1** Because we are affirming the district court's Rule 12(b)(6) dismissal of Count I on this basis, we need not and do not address the district court's alternative basis for dismissing Count I, i.e., that Krim's amended complaint failed to allege the essential element of scienter with the detail and specificity required by the Private Securities Litigation Reform Act of 1995.

4